1  DERRICK LAM, Bar No. 275431
   dlam@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA  90071
4  Telephone:  213.443.4300
   Fax No.:     213.443.4299
5
   ASHLEY J. BRICK, Bar No. 281657
6  abrick@littler.com
   LITTLER MENDELSON, P.C.
7  2049 Century Park East
   5th Floor
8  Los Angeles, CA  90067
   Telephone:  310.553.0308
9  Fax No.:     310.553.5583

10 Attorneys for Defendants
   GF MACHINING SOLUTIONS LLC AND
11 MARTY ZACCARDO

12

13                  UNITED STATES DISTRICT COURT

14       CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| 15  FRANK BURT, an individual, | Case No.  5:21-cv-118 |
| 16           Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE |
| 17      v. | |
| 18  GF MACHINING SOLUTIONS, LLC, a New York Limited Liability | **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| 19  Company; MARTY ZACCARDO, LLC, an individual; and DOES 1 to | |
| 20  100, inclusive, | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| 21           Defendants. | Complaint Filed:  October 15, 2020 (San Bernardino Superior Court, Case No. CIVDS 2022941) |
| 22 | |

23

24

25

26

27

28

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF FRANK BURT AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants GF MACHINING SOLUTIONS LLC and MARTY ZACCARDO[1] ("Defendants") hereby remove the above-captioned action from the Superior Court for the State of California, County of San Bernardino to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1445. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

### STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

### VENUE

2.      This action was filed in the Superior Court for the State of California, San Bernardino. Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(1), 1391(a) and 1441(a).

### PLEADINGS, PROCESS AND ORDERS

3.      On October 15, 2020, Plaintiff Frank Burt ("Plaintiff") filed an unverified Complaint for Damages including causes of action for violations of the California Fair

---

[1] Improperly named as "Marty Zaccardo, LLC" in the case caption.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                 1.

Employment and Housing Act, the California Family Rights Act, the Family Medical Leave Act, and California Labor Code section 1198.5, in the Superior Court for the State of California, San Bernardino County: *FRANK BURT, an individual, Plaintiff, v. GF MACHINING SOLUTIONS, LLC, a New York Limited Liability Company; MARTY ZACCARDO, LLC, an individual; and DOES 1 to 100, inclusive, Defendants*, Case Number CIVDS 2022941 (hereinafter the "Complaint"). Declaration of Ashley Brick in Support of Defendants' Notice to Federal Court of Removal of Civil Action ("Brick Decl."), ¶ 2 at **Exhibit A**.

4. Plaintiff's Complaint asserts ten (10) purported causes of action for: (1) Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (2) Failure to Provide a Reasonable Accommodation under FEHA; (3) Failure to Engage in the Interactive Process in Good Faith under FEHA; (4) Age Discrimination in Violation of FEHA; (5) Harassment based on Disability under FEHA; (6) Retaliation in Violation of FEHA; (7) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA; (8) Violation of the California Family Rights Act ("CFRA") and the Family Medical Leave Act ("FMLA"); (9) Retaliation under the CFRA and the FMLA; and (10) Failure to Provide Employment Records upon Request in Violation of California Labor Code section 1198.5. Brick Decl., ¶ 2 at **Exhibit A**. Plaintiff's prayer for relief includes prayers for:

    a. General and special damages;

    b. Punitive and exemplary damages;

    c. Pre-judgment and post-judgment interest;

    d. Reasonable attorneys' fees;

    e. Costs of suit;

    f. Declaratory and injunctive relief;

    g. Penalties;

    h. Other and further relief as the Court may deem just and proper.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL

2.

*See* Compl., Prayer for Relief, ¶¶ a-h.

5.    On October 15, 2020, along with the Complaint (Exhibit A), Plaintiff filed a Summons, Civil Case Cover Sheet, and Certificate of Assignment.  Brick Decl., ¶ 3 at **Exhibit B.**

6.    On or about October 27, 2020, a Notice of Trial Setting Conference, assigning the matter to the Honorable Judge Lynn Poncin in Department S28 and setting a Trial Setting Conference for April 15, 2021, was issued by the San Bernardino County Superior Court.  Brick Decl., ¶ 4 at **Exhibit C**.

7.    On November 13, 2020, Plaintiff filed a Proof of Service Summons for substituted service. Brick Decl., ¶ 5 at **Exhibit D**.

8.    On December 4, 2020, Plaintiff filed an Affidavit of Due Diligence. Brick Decl., ¶ 6 at **Exhibit E**.

9.    On December 23, 2020, Plaintiff served on Defendant GF Machining Solutions LLC the Complaint (Exhibit A); Summons (Exhibit B), Civil Case Cover Sheet (Exhibit B), Certificate of Assignment (Exhibit B), and a Notice of Trial Setting Conference (Exhibit C) via Notice and Acknowledgment.  Brick Decl., ¶¶ 2-4, 7 at **Exhibits A-C & F**.

10.    On December 30, 2020, Plaintiff filed a Proof of Service of Summons. Brick Decl., ¶ 8 at **Exhibit G**.

11.    On January 21, 2021, Defendants GF Machining Solutions LLC and Marty Zaccardo filed their Answer to Plaintiff's Complaint in the Superior Court for the State of California, San Bernardino County. Brick Decl., ¶ 9 at **Exhibit H**.

12.    To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court for the State of California, San Bernardino County or served by any party other than as described above. Brick Decl., ¶ 10.  The Attachment of Exhibits "A" through "H" satisfies the requirements of 28 U.S.C. section 1446(a).  *See* Brick Decl., ¶¶ 2-9.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL

3.

1

## DOE DEFENDANTS

2      13.    Defendants are informed and believe that none of the Doe defendants in

3  this case have been identified or served.  As such, they need not join or consent in this

4  Notice of Removal and are to be disregarded for the purpose of removal.  28 U.S.C. §

5  1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.

6  1984) (named defendants not yet served in state court action need not join in notice of

7  removal).

8

## TIMELINESS OF REMOVAL

9      14.    This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), the notice

10  of removal of a civil action must be filed within 30 days after service of the summons

11  and complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354

12  (1999) (the 30-day removal period runs from the service of the summons and

13  complaint; receipt of summons and complaint is insufficient to trigger removal

14  period).    On December 23, 2020, the Complaint and Summons were served on

15  Defendant GF Machining Solutions LLC.  As Defendant GF Machining Solutions

16  LLC filed this Notice of Removal within 30 days of service of the Complaint and

17  Summons, this Notice of Removal is timely as a matter of law.  Defendant Marty

18  Zaccardo was not served with the Complaint and Summons.  *Delgado v. Shell Oil Co.*,

19  231 F.3d 165, 177 (5th Cir. 2000) (interpreting § 1446(b) as allowing defendant

20  named in state court complaint to remove action irrespective of whether defendant had

21  been served); *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 448 (11th Cir. 2008)

22  (holding "nothing in the removal statute, or any other legal provision, requires that a

23  defendant be served with the complaint before filing a notice of removal"); *Novak v.*

24  *Bank of N.Y. Mellon Tr. Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) ("[W]e conclude

25  that service is generally not a prerequisite for removal and that a defendant may

26  remove a state-court action to federal court any time after the lawsuit is filed but

27  before the statutorily-defined period for removal ends[.]").

28

NOTICE TO FEDERAL COURT
OF REMOVAL                                    4.

# DIVERSITY JURISDICTION

15.     The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

16.     "Any civil action" commenced in state court is removable if it might have been brought originally in federal court.  *See* 28 USC § 1441(a).  Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground.  *See* 28 U.S.C. § 1441(b).  In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.

17.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

## A.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

### Plaintiff Is A Citizen Of The State Of California.

18.     Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A person's domicile is the place he or she resides with the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL      5.

1  intention to remain, or to which he or she intends to return. *See Kanter v. Warner–*

2  *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

3     19.    At the time Plaintiff commenced this action and at the time of removal,

4  Plaintiff was a citizen of the State of California.  Plaintiff alleges that he was at all

5  relevant times, and is, a resident of San Bernardino County and a citizen of California.

6  Compl., ¶ 5; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a

7  rebuttable presumption of domicile supporting diversity of citizenship); *State Farm*

8  *Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party

9  in state court complaint of residency "created a presumption of continuing residence

10  in [state] and put the burden of coming forward with contrary evidence on the party

11  seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS

12  21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of

13  domicile).   Thus, Plaintiff, by his own admission, is a citizen of the State of

14  California.

15            **Defendants Are Not Citizens Of The State Of California.**

16     20.    For diversity jurisdiction purposes, the citizenship of a limited liability

17  company is the citizenship of its members. *Johnson v. Columbia Props. Anchorage,*

18  *L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of

19  every state in which its owners/members are citizens.")  A corporation is deemed to be

20  a citizen of any state in which it has been incorporated and of the state where it has its

21  principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  As clarified by the United

22  States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L.

23  Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to

24  the place where a corporation's high level officers direct, control, and coordinate the

25  corporation's activities, i.e., its 'nerve center.'" *Id.* at 80.

26     21.    Defendant GF Machining Solutions LLC is not a state official or a

27  governmental entity.  Declaration of Gregg Denig in Support of Defendants' Notice of

28  Removal to Federal Court ("Denig Decl."), ¶ 5.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                    6.

1    22.   **Defendant GF Machining Solutions LLC**:  At the time of filing this

2   action, Defendant GF Machining Solutions LLC was, and remains, a limited liability

3   company formed under the laws of the State of New York.  Denig Decl., ¶ 2.

4    23.   GF Machining Solutions LLC's sole member is George Fischer

5   Corporation. Denig Decl., ¶ 3.  George Fischer Corporation is incorporated in the

6   State of Delaware.  *Id.*  George Fischer Corporation's principal place of business is

7   either Switzerland or Illinois. High level officers of George Fischer Corporation

8   direct, control, and coordinate the corporation's activities from Schaffhausen,

9   Switzerland. George Fischer Corporation's Directors are based in Schaffhausen,

10  Switzerland, which is where direction, control, and coordination is determined for its

11  operations. *Id.* Lincolnshire, Illinois is where George Fischer Corporation's benefits

12  and legal functions are based. *Id*. Moreover, several key executives of George Fischer

13  Corporation, including the Chairman of the Board and an officer, are based outside of

14  California; they are based in Switzerland. *Id.* at ¶ 4.

15   24.   **Defendant Marty Zaccardo**:  A person's domicile is the place he or she

16  resides with the intention to remain, or to which he or she intends to return.  *See*

17  *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18   25.   At the time Plaintiff commenced this action and at the time of removal,

19  Defendant Marty Zaccardo was a citizen of the State of Colorado.  At all relevant

20  times, Mr. Zaccardo was, and is, a resident of Denver, Colorado.  Declaration of

21  Marty Zaccardo in Support of Defendants' Notice of Removal to Federal Court

22  ("Zaccardo Decl."), ¶ 2.  Mr. Zaccardo intends to remain a resident of Denver,

23  Colorado.  *Id.*  Accordingly, Mr. Zaccardo is a citizen of the State of Colorado.

24   26.   Defendants Does 1 through 100 are fictitious.  The Complaint does not

25  set forth the identity or status of any said fictitious defendants, nor does it set forth any

26  charging allegation against any fictitious defendants.  Pursuant to section 1441(a), the

27  citizenship of defendants sued under fictitious names must be disregarded for the

28  purposes of determining diversity jurisdiction and cannot destroy the diversity of

NOTICE TO FEDERAL COURT
OF REMOVAL                    7.

1  citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.,* 157 F.3d

2  686, 690-91 (9th Cir. 1998).

3       27.    Based on the foregoing, diversity is established between Plaintiff and

4  Defendants because Plaintiff and all Defendants are citizens of different states.

5           **B.**      <u>**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**</u>

6       28.    Defendants need only show by a preponderance of the evidence (that it is

7  more probable than not) that Plaintiff's claimed damages exceed the jurisdictional

8  minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-404 (9th Cir.

9  1996). Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a),

10 a defendant seeking to remove a case to federal court need only file "a notice of

11 removal 'containing a short and plain statement of the grounds for removal.'" *Dart*

12 *Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court

13 held that this language tracks the general pleading requirement stated in Rule 8(a) of

14 the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need

15 not contain evidentiary submissions." *Id*. at 551, 553. Defendants need to only

16 plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's

17 amount-in-controversy allegation should be accepted when not contested by the

18 plaintiff or questioned by the court"). Here, the Court can reasonably ascertain from

19 the Complaint and its Prayer for Relief that the amount in controversy exceeds

20 $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

21 1997) ("The district court may consider whether it is facially apparent from the

22 complaint that the jurisdictional amount is in controversy." (internal citations and

23 quotations omitted)).

24      29.    Plaintiff's Complaint does not specify the amount that he seeks to

25 recover from Defendants in this action. Plaintiff's Complaint seeks damages for

26 general and special damages, exemplary and punitive damages, pre-judgment and

27 post-judgment interest, declaratory and injunctive relief, attorneys' fees, penalties, and

28 costs of suit. *See* Prayer for Relief, ¶¶ a-h. Although Defendants deny that they

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL     8.

1    should be liable for the damages alleged in Plaintiff's Complaint, for purposes of

2    determining whether the minimum amount in controversy has been satisfied, the

3    Court must presume that Plaintiff will prevail on each and every one of his claims.

4    *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001

5    (C.D. Cal. 2002).

6         30.    The ultimate inquiry is the amount that is put "in controversy" by

7    Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe.

8    *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also*

9    *Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir.

10   2003) (recognizing that the ultimate or provable amount of damages is not what is

11   considered in the removal analysis; rather, it is the amount put in controversy by the

12   plaintiff's complaint).

13        31.    Defendants deny the validity and merits of Plaintiff's claims, the legal

14   theories upon which they are purportedly based, and the claims for monetary and other

15   relief that flow from them.   Nevertheless, the amount in controversy as alleged by

16   Plaintiff far exceeds the sum of $75,000.

17        **Lost Earnings and Benefits.**

18        32.    Plaintiff seeks recovery of economic losses, alleging that as a result of

19   Defendants' conduct he "has suffered and will suffer harm, including but not limited

20   to, back wages, premiums, front wages, and lost benefits. . . medical charges that

21   otherwise would have been covered by insurance[.]" *See* Compl., ¶¶ 16, 26, 33, 41,

22   49, 57, 64, 71, 81, and 91; Prayer for Relief, ¶ a.   Plaintiff Frank Burt was formerly

23   employed by Defendant GF Machining Solutions LLC as a Field Service Engineer II,

24   and at the time of his separation from GF Machining Solutions LLC, which occurred

25   on February 14, 2020, his annual base wages equaled approximately $78,906.18.

26   Declaration of Marie Sheldon in Support of Defendants' Notice of Removal to Federal

27   Court ("Sheldon Decl."), ¶ 3.   Although Defendants deny Plaintiff is entitled to

28   recover any damages, assuming *arguendo* Plaintiff was to recover alleged lost wages

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                          9.

1   through the date of this removal, Plaintiff could recover $72,330.67 (= [$78,906.18

2   annual base wages/12 months] x 11 months [Feb. 2020-Jan. 2021]) in back pay, which

3   is a conservative estimate as it does not take into account Plaintiff working overtime.

4       33.    In addition, Plaintiff seeks future damages or front pay as a result of the

5   alleged wrongs by Defendants.  Front pay awards in California frequently span a

6   number of years.  *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503,

7   518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v.*

8   *Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years).  Even conservatively

9   estimating that Plaintiff seeks front pay benefits for only one year, the amount of

10  future income in controversy in this case would total at least an additional

11  $78,906.18.

12      34.    Thus, Plaintiff could recover approximately $151,236.85 (= $72,330.67

13  in back pay + $78,906.18 in front pay) in compensatory damages, exclusive of health

14  and welfare benefits, which, alone, satisfies the amount in controversy requirement.

15  *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1,

16  2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S.*

17  *Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in

18  determining the amount in controversy).

19  **General Damages**

20      35.    The amount in controversy includes claims for general damages,

21  exclusive of costs and interest.  *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999

22  U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be

23  considered in the amount in controversy even when not clearly pled in the

24  complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196,

25  1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal.

26  1995) (holding same).

27      36.    Here, Plaintiff alleges that, as a result of Defendants' alleged unlawful

28  conduct, he "has suffered and will suffer psychological and emotional distress,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                    10.

1   humiliation, and mental and physical pain and anguish[.]" *See* Compl. ¶¶ 17, 27, 34,

2   42, 50, 58, 65, 72, 82, and 92; Prayer for Relief ¶ a.  Though Defendants dispute that

3   Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages

4   clearly demonstrates that the jurisdictional prerequisite for removal of this action is

5   met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying

6   discrimination cases awarding emotional distress damages and concluding that

7   "substantial jury awards of hundreds of thousands of dollars for non-economic

8   damages have been upheld where there is evidence . . . that the plaintiff suffered

9   heightened mental anguish").

10   37.   Similarly, in *Kroske*, the Ninth Circuit found that the district court's

11   conclusion that the plaintiff's "emotional distress damages would add at least an

12   additional $25,000 to her claim" was not clearly erroneous, where she had $55,000 in

13   lost wages, thus satisfying the amount in controversy requirement "even without

14   including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980. Based on

15   the conservative estimate from *Kroske*, here, Plaintiff could conservatively recover

16   emotional distress damages in an amount of $25,000.00 for his alleged emotional

17   distress.

18   38.   Based on Plaintiff's allegations of severe mental anguish due to

19   Defendants' alleged conduct, it can be reasonably ascertained that the amount in

20   controversy on Plaintiff's claim for emotional distress damages is, at a minimum,

21   $25,000.

22   **Punitive Damages**

23   39.   Plaintiff also seeks an award of punitive damages. *See* Compl., Prayer

24   for Relief, ¶ b.  California law does not provide any specific monetary limit on the

25   amount of punitive damages which may be awarded under Civil Code section 3294,

26   and the proper amount of punitive damages under California law is based on the

27   reprehensibility of the defendant's misdeeds, the ratio between compensatory and

28   punitive damages, and the ratio between damages and the defendant's net worth. *See*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL   11.

1  *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994).  Moreover, punitive

2  damages are included in calculating the amount in controversy.  *Davenport v. Mut.*

3  *Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963).

4      40.    In *State Farm v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court

5  ruled that a single-digit ratio (*i.e.*, no more than nine-to-one) was appropriate when

6  issuing an award of punitive damages. For instance, in *Wysinger v. Auto. Club*

7  *of Southern California*, the court upheld punitive damages of $1 million in a

8  FEHA discrimination/retaliation case, where the compensatory damages were

9  $280,000.  *Wysinger*, 157 Cal.App.4th 413 (2007). There, the Court noted that the

10  award was fewer than four times the amount of compensatory damages, and, as such,

11  "falls within the range of multipliers that are commonly used to achieve the goals

12  of punitive damages." *Id*. at 428-29.

13      41.    Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff

14  were to prevail on one of his claims that allows for punitive damages and establish an

15  award under California Civil Code section 3294, the punitive damages alone could

16  exceed the jurisdictional minimum.  In *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332

17  (S.D. Iowa 1994), the defendant employer established the amount in controversy

18  exceeded the jurisdictional minimum in a discrimination and wrongful discharge

19  lawsuit where the former employee asserted claims for lost wages, lost benefits,

20  mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of

21  punitive damages is to capture defendant's attention and deter others from similar

22  conduct," the plaintiff's claim for punitive damages "might alone" exceed the

23  jurisdictional minimum.  *Id*. at 334.  Further, numerous court decisions and jury

24  verdicts demonstrate that compensatory and punitive damages in excess of $75,000

25  have been awarded to individual plaintiffs where, as here, the plaintiff alleges

26  disability discrimination and/or retaliation.  *See, e.g.*, *Roby v. McKesson Corp.*, 47

27  Cal. 4th 686 (2009) (affirming punitive damages award of $1.9 million, an amount

28  equivalent to the compensatory damages award, where plaintiff alleged FEHA claims

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL   12.

1  including disability discrimination and wrongful termination); *McGee v. Tucoemas*

2  *Federal Credit Union*, 153 Cal.App.4th 1351 (2007) (jury verdict of $1.2 million in

3  punitive damages where Plaintiff alleged FEHA claims including disability

4  discrimination).

5        42.    Here, again assuming Plaintiff were to recover punitive damages in an

6  amount approximately equal to one year of his alleged compensatory damages,

7  Plaintiff would recover at least $78,906.18 for his alleged punitive damages.

8        43.    Thus, based on the combined total of Plaintiff's lost wages, emotional

9  distress damages, and potential punitive damages alone, it can be reasonably

10  ascertained that the amount in controversy exceeds $75,000.

11  **Attorneys' Fees**

12        44.    Plaintiff also seeks attorneys' fees. Compl., Prayer for Relief, ¶ d. It is

13  well-settled that, when authorized by statute, attorneys' fees are to be included in the

14  calculation of the amount of Plaintiff's claims for purposes of determining whether the

15  requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479

16  F.3d 997, 1000 (9th Cir. 2007); *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*,

17  142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an

18  award of attorneys' fees, either with mandatory or discretionary language, such fees

19  may be included in the amount in controversy.").

20        45.    Plaintiff's Complaint alleges violations of the FEHA, which authorizes

21  an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code

22  §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is

23  reasonable to assume that they could exceed a damages award. *Simmons v. PCR*

24  *Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in

25  individual discrimination cases often exceed the damages").

26        46.    Any estimate of attorney's fees includes fees over the life of the case, not

27  just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of*

28  *Arizona*, 899 F.3d 785 (9th Cir. 2018). "Recent estimates for the number of hours

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL

13.

1    expended through trial for employment cases in [the Central District of California]

2    have ranged from 100 to 300 hours.  Therefore, 100 hours is an appropriate and

3    conservative estimate. Accordingly, attorneys' fees in [an employment discrimination

4    case alleging wrongful termination] may reasonably be expected to equal at least

5    $30,000 (100 hours x $300 per hour)."  *Sasso v. Noble Utah Long Beach, LLC*, Case

6    No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal.

7    March 3, 2015)  (citations omitted).  In fact, the attorneys' fees alone through trial of

8    any cause of action would likely exceed $250,000 and could be many times that

9    amount.  *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of

10   attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns &*

11   *Co.*, 805 F.2d 75 (2d Cir. 1986) (upholding award for attorney's fees in the amount of

12   $550,000).  Thus, Plaintiff's attorneys' fees add at least $30,000 to the amount in

13   controversy, which is a conservative estimate.

14   **Penalties**

15   47.    Plaintiff also seeks penalties under Labor Code section 1198.5 for

16   Defendant GF Machining Solutions LLC's alleged failure to produce Plaintiff's

17   personal records in response to his written request.  Compl., ¶¶ 95-101.

18   48.    The penalty for violating Labor Code section 1198.5 is $750.  LAB. CODE

19   § 1198.5(l).  Thus, Plaintiff's claim for penalties under Labor Code section 1198.5

20   adds another $750 to the amount in controversy.

21   49.    Based on the foregoing, a preponderance of the evidence demonstrates

22   that the amount in controversy exceeds the jurisdictional minimum of $75,000,

23   exclusive of interest and costs.  Specifically, based on the aforementioned

24   conservative figures, Defendants estimate the amount in controversy to be at least

25   **$285,893.03** ($151,236.85 economic damages + $25,000 emotional distress +

26   $78,906.18 punitive damages + $30,000 attorneys' fees + $750 penalties).

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                    14.

**Other Relief**

50.     Plaintiff's Complaint also seeks "such other and further relief as the Court may deem just and proper." Compl., Prayer for Relief, ¶ h. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000).

51.     Because it is facially apparent from the Complaint and as set forth above, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

### NOTICE TO PLAINTIFF AND STATE COURT

52.     Immediately following the filing of this Notice of Removal in the United States District Court for the Central District of California, Eastern Division, Defendants will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the San Bernardino County Superior Court. Brick Decl., ¶ 11.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the San Bernardino County Superior Court to this honorable District Court.

Dated: January 22, 2021                              Respectfully Submitted,


/s/ Ashley J. Brick
DERRICK LAM
ASHLEY BRICK
LITTLER MENDELSON, P.C.
Attorneys for Defendants
GF MACHINING SOLUTIONS LLC
AND MARTY ZACCARDO

NOTICE TO FEDERAL COURT
OF REMOVAL                                15.